IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:                              :
                                    :
MANUEL RICARDO VISCASILLAS POWER,   :     Case No. 05-11565 (GAC)
                                    :
         Debtor                     :     Chapter 7
                                    :
_____     :

DECISION AND ORDER

At a hearing held on January 31, 2007, the Court dismissed this case concluding that the contested matter between the debtor and his creditor/relatives, consisting of his mother and three siblings, had been decided by the local court and that a judgment of eviction had been entered and became final prepetition (dkt. #52). The Court concluded that there was no bankruptcy purpose and that the case involved a two party dispute.

The debtor filed a notice of appeal (dkt. #54) and on February 27, 2007 filed a motion to maintain the automatic stay (dkt. #56), which the creditors opposed (dkt. #57). The debtor argues that the dismissal of the case will cause the imminent eviction of the debtor from his residence and contends that if the automatic stay is not maintained pending final disposition of his appeal, the debtor will in effect lose the right to appeal. The creditors contend that the debtor is merely trying to delay his inevitable eviction and that the debtor has failed to demonstrate extraordinary circumstances justifying a stay pending appeal. The creditors contend that the debtor has not demonstrated a likelihood of success on the merits nor that he will suffer irreparable harm

if a stay is not granted. Moreover, the creditors argue that they will be substantially harmed if a stay is granted, since the property belonging to them will continue to be tied up by the debtor.

## DISCUSSION

A motion for stay pending appeal is filed pursuant to Federal Rule of Bankruptcy Procedure 8005. Allowance of a motion for stay pending appeal of a judgment is discretionary. Courts consider the traditional four-part standard applicable to injunctions. See Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, 16 (1st Cir. 2002). The Court must consider "(1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies." Id. at 16 n. 3. "'The sine qua non [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits.'" Id. at 16 (quoting Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993)). "'What matters ... is not the raw amount of irreparable harm [a] party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits.'" P.R. Hosp. Supply, Inc. v. Boston Scientific Corp., 426 F.3d 503, 507 n. 1 (1st Cir. 2005)(quoting the Massachusetts standard, which "closely tracks the federal standard").

The Court concludes that the debtor has failed to demonstrate a likelihood of success on the merits. The judgment of eviction which the debtor seeks to avoid was final prior to the filing of the bankruptcy petition. The only creditors in the case are the creditors who obtained the judgment of eviction. It is clear that the only reason for the bankruptcy filing is to delay the creditors in executing the judgment of eviction. Thus, the Court concludes that the debtor has little likelihood of prevailing on the merits of his appeal.

The debtor has only argued that he will effectively lose his right to appeal if a stay is not in effect preventing his eviction, but he has not alleged that this will constitute irreparable harm. On the other hand, the creditors are prejudiced by a stay of the effectiveness of the dismissal order. The judgment of eviction was issued more than two years ago on March 17, 2005. Staying the effectiveness of the dismissal will inevitably further delay the eviction. The Court concludes that the potential harm to creditors if the stay is granted outweighs any harm to the debtor if the stay is denied. Likewise, there is little risk of harm to the debtor in light of his slim chance of success on the merits.

Finally, the public interest is best served by denying the stay and allowing the creditors to execute the judgment issued by the Commonwealth of Puerto Rico. Accordingly, the Court concludes that the debtor has failed to satisfy the standard to obtain a stay

3

pending appeal.

ORDER

WHEREFORE IT IS ORDERED that the debtor's motion for a stay pending appeal (dkt. #56) of the order of dismissal, shall be, and it hereby is, DENIED.

SO ORDERED.

San Juan, Puerto Rico, this 28th day of March, 2007.

s/ Gerardo A. Carlo

GERARDO A. CARLO
Chief, U.S. Bankruptcy Judge